UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. DWAYNE A. ANDERSON, Defendant. | 4:23-CR-40018-RAL<br><br>OPINION AND ORDER ON DEFENDANT'S REQUEST FOR REVIEW OF MAGISTRATE'S DETENTION ORDER |

Pending before this Court is Defendant Dwayne A. Anderson's Request for Review of Magistrate's Detention Order. Doc. 34. For the following reasons, Anderson's request is denied.

### I.     Procedural Background

On February 14, 2023, Anderson was indicted on eight counts of wire fraud in violation of 18 U.S.C. §§ 1343 and 2. Doc. 1. Anderson made his initial appearance before United States Magistrate Judge Veronica Duffy on August 23, 2024. Judge Duffy ordered that Anderson be detained pending a bond hearing. A bond hearing was held on September 30, 2024, and Judge Duffy again ordered that Anderson be detained. Doc. 28. Anderson now seeks review of Judge Duffy's detention order. Doc. 34. The Government filed a response, asking the court to adopt Judge Duffy's detention order. Doc. 38.

### II.    Legal Standard

A person detained by order of a magistrate judge may seek review of the detention order in the court having original jurisdiction over the offense. 18 U.S.C. § 3145(b). The standard of

review for a magistrate judge's order of detention is de novo. See United States v. Maull, 773 F.2d 1479, 1481 (8th Cir. 1985). In reviewing an order of detention, a court need not "start over in every case, and proceed as if the magistrate's decision and findings do not exist." United States v. Cook, 87 F.4th 920, 924 (8th Cir. 2023) (cleaned up and citation omitted). "If the district court agrees fully with the magistrate's order and reasons, it may adopt the order." Id. Doing so "obviate[s] the need for the district court to prepare its own written findings of fact and statement of reasons." Id. at 925.

A person may be detained pending trial "[o]nly if the government shows by clear and convincing evidence that no release condition or set of conditions will reasonably assure the safety of the community and by a preponderance of the evidence that no condition or set of conditions . . . will reasonably assure the defendant's appearance." United States v. Kisling, 334 F.3d 734, 735 (8th Cir. 2003). "[E]ither danger to the community or risk of flight is sufficient to authorize detention." United States v. Cantu, 935 F.2d 950, 952 (8th Cir. 1991). A court may consider the following factors in determining whether there are conditions of release that will reasonably assure the appearance of the person and safety of the community: "(1) the nature and circumstances of the crime; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including mental condition, family ties, employment, community ties, and past conduct; and (4) the seriousness of the danger to the community or to an individual." See United States v. Abad, 350 F.3d 793, 797 (8th Cir. 2003).

**III.  Discussion**

After conducting a de novo review of the record, including the transcript of the bond hearing, this Court agrees with Judge Duffy's determination that the Government met its burden of proving by a preponderance of the evidence that there is no condition or combination of

conditions that will reasonably assure the appearance of Anderson. Judge Duffy based her detention order on Anderson's complete lack of ties to South Dakota and Anderson's use of several aliases. Doc. 29 at 9. Anderson is a Jamaican citizen who was extradited to South Dakota to face prosecution in this case. Doc. 27 at 1. Anderson has no family in South Dakota, and his only family in the United States is in Florida and New York. Id. at 2. Anderson has never been employed in the United States, nor is he eligible to obtain employment. Id. Anderson does not have a home in South Dakota, and if released, his plan is to reside at a local shelter. Id. In addition to a lack of ties to South Dakota, Anderson is alleged to have used several aliases. Doc. 29 at 9. This Court agrees with Judge Duffy that Anderson's use of aliases increases the likelihood that Anderson is a flight risk. See United States v. Williams, 654 Fed. Appx. 3, 4 (2d Cir. 2016) (affirming order of detention in part because defendant used aliases); United States v. Gonzalez, No. 24-CR-197-1, 2024 WL 4250008, at *5 (N.D. Okla. Sept. 20, 2024) (finding defendant to be a flight risk in part because defendant used multiple aliases). As Judge Duffy observed, there is a risk of Anderson "disappear[ing] into the United States under an assumed alias." Doc. 29 at 9.

Because the Government met its burden of proving Anderson is a flight risk, the Court will not consider the Government's argument, raised for the first time in its response to Anderson's request for review of the detention order, that Anderson is a danger to the community.

### IV. Conclusion

For the foregoing reasons, it is

ORDERED that Anderson's Request for Review of Magistrate's Detention Order is denied.

DATED this 12th day of November, 2024.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE