UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DWAYNE A. ANDERSON,<br><br>Defendant. | 4:23-CR-40018-RAL<br><br><br>OPINION AND ORDER DENYING MOTION TO DISMISS INDICTMENT FOR VIOLATION OF THE STATUTE OF LIMITATIONS |

Defendant Dwayne A. Anderson has filed a Motion to Dismiss Indictment, Doc. 65, arguing that the indictment violates the five-year statute of limitations set forth at 18 U.S.C. § 3282. For the reasons explained below, the motion is denied.

### I.    Facts and Procedural Background

On February 14, 2023, Anderson was indicted on eight counts of wire fraud in violation of 18 U.S.C. § 1343 and 18 U.S.C. § 2. Doc. 1. The indictment alleges that, beginning in as early as 2010 and continuing until September 2017, Anderson, while living in Jamaica, participated in a scheme to defraud an alleged victim living in California. Id. at 1–2. The indictment describes eight alleged wire communications that correspond with each count in the indictment, with the last transmission occurring on September 7, 2017. Id. at 4. Soon after the indictment was filed, the Office of International Affairs ("OIA") began working with the United States Department of Justice's ("DOJ") Consumer Protection Branch and the U.S. Attorney's Office for the District of South Dakota ("USAO") to extradite Anderson to the United States. Doc. 58 at 3–4. Anderson

consented to extradition on July 17, 2024. Doc. 51-1 at 6. Anderson was subsequently transported to the United States on August 22, 2024, arriving in Sioux Falls, South Dakota. Id. at 7. The day after he arrived in the United States, on August 23, 2024, Anderson was arraigned and detained. Doc. 16. On January 28, 2025, Anderson moved to dismiss his indictment, alleging the delay between his indictment and arrest violated his Sixth Amendment speedy trial right. Doc. 43. This Court denied the motion. Doc. 58. Anderson again moves to dismiss the indictment, now alleging a violation of the five-year statute of limitations set forth at 18 U.S.C. § 3282. Doc. 65. The Government opposes the motion, arguing that the statute of limitations was properly tolled and the indictment was timely filed. Doc. 69.

## II.    Discussion

"Except as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed." 18 U.S.C. § 3282(a). The five-year statute of limitations "typically begins to run once [the offense] is complete—in other words, once all elements of the offense are established." United States v. Askia, 893 F.3d 1110, 1116 (8th Cir. 2014). When the offense is a "continuing offense"—a single crime that continues over time—the statute of limitations "does not start until the offense 'expires.'" Id. However, a district court is authorized to toll the statute of limitations once it begins to run under 18 U.S.C. § 3292. Section 3292(a)(1) specifically provides:

> Upon application of the United States, filed before return of an indictment, indicating that evidence of an offense is in a foreign country, the district court before which a grand jury is impaneled to investigate the offense shall suspend the running of the statute of limitations for the offense if the court finds by a preponderance of the evidence that an official request has been made for such evidence and that it reasonably appears, or reasonably appeared at the time the request was made, that such evidence is, or was, in such foreign country.

2

18 U.S.C. § 3292(a)(1).

Here, Anderson is alleged to have committed wire fraud in violation of 18 U.S.C. § 1343. Doc. 1. The appropriate statute of limitations for wire fraud is the five-year statute of limitations found in 18 U.S.C. § 3282(a). See United States v. Tadros, 310 F.3d 999, 1006 (7th Cir. 2002) (applying statute of limitations in 18 U.S.C. § 3282(a) where defendant was charged with wire fraud). The indictment alleges that although the relevant conduct began in as early as 2010, the first alleged wire communication occurring on May 18, 2017. Doc. 1. Thus, the earliest the statute of limitations could have started was May 18, 2017. See Askia, 893 F.3d at 1116. However, several additional wire communications involving the same victim were alleged to have occurred after the May 18 wire communication, with the final alleged wire communication occurring on September 7, 2017. Doc. 1 at 5. Additionally, the alleged victim of the alleged fraudulent scheme apparently was murdered on September 10, 2017, in Jamaica when she traveled there to claim monies she believed she had won as a prize under the scheme. Doc. 6 at 3; Doc. 69-2 at 2, 8–9. Assuming without deciding that the offenses alleged constitute "continuing offenses," the latest the statute of limitations began to run was September 10, 2017, because any alleged fraud against the victim could not have continued after her death. Absent tolling, the statute of limitations expired somewhere between May 18, 2022, and September 10, 2022. Because the charges were filed on February 14, 2023, Anderson urges that his prosecution violates the statute of limitations. Id. at 4.

The Government argues that the indictment was timely because the statute of limitations was tolled by a court order ("the Order") issued on May 9, 2022, by Judge Max O. Cogburn, Jr. in the United States District Court for the Western District of North Carolina. Doc. 69 at 2; Doc. 69-4. In the case captioned "United States of America, Petitioner, vs. Unknown Target, Respondent,"

3

Judge Cogburn granted the Government's application for an order tolling the statute of limitations under 18 U.S.C. § 3292. Doc. 69-4. The Order stated:

> [T]he statute(s) of limitations with respect to all contemplated offenses is SUSPENDED, but such suspension shall not exceed three years and shall not extend the period within which a criminal case must be initiated for more than six months if all foreign authorities take final action before such period would expire.

Id. Accordingly, the Government argues "the statute of limitations for the charged offenses was tolled before the expiration of the five-year limitations period and remained tolled through the date of indictment." Doc. 69 at 5.

Anderson argues that the Order is ambiguous as to whether it tolled the statute of limitations for the specific offenses Anderson is charged with, whether the Order applies to Anderson at all, or whether the Government was even seeking evidence from Jamaica related to an investigation into Anderson. Doc. 66 at 5–6. Anderson concludes that the Government has not shown that the Order applies to Anderson and thus, no tolling occurred. Id. at 1. The Government responds by arguing that any ambiguity in the Order or with the circumstances giving rise to the Order can be resolved by looking at the Government's application for the tolling order. Doc. 69 at 6.

This Court agrees with Anderson that the Order is ambiguous as to whom and for which offenses the Order applies. The Order mentions only "contemplated offenses" and does not provide the names of any individuals under investigation. Court orders must be construed "like other written instruments, except that the determining factor is not the intent of the parties, but that of the issuing court." EarthGrains Baking Cos., Inc. v. Sycamore, 721 Fed. App'x 736, 743 (10th Cir. 2017) (quoting United States v. Spallone, 399 F.3d 415, 424 (2d Cir. 2005)). "Court orders must ordinarily be interpreted by examination of only the 'four corners' of the document." Ford Motor Co. v. Summit Motor Prods., Inc., 930 F.2d 277, 286 (3d Cir. 1991) (cleaned up and citation

4

omitted). However, "[w]here a judgment or order is ambiguous, a court must construe its meaning, and in so doing may resort to the record upon which the judgment was based." Partington v. Am. Int'l Specialty Lines Ins. Co., 443 F.3d 334, 341 (4th Cir. 2006); see also Spallone, 399 F.3d at 424 ("[A] reviewing court may properly examine the entire record for the purpose of determining what was decided." (cleaned up and citation omitted)). Indeed, at least one court has reviewed an application to toll the statute of limitations under 18 U.S.C. § 3292 to assist in the interpretation of an ambiguous tolling order issued by another court. See United States v. Swartzendruber, No. 3:06–cr–136, 2009 WL 485144, at *4 (D.N.D. Feb. 25, 2009). Because the Order is ambiguous, this Court will review the underlying application for the tolling order to determine Judge Coburn's intent.

Any perceived ambiguity as to the subject or reach of the Order is readily resolved by the underlying application. In its application, the Government stated that a grand jury in the Western District of North Carolina was investigating several individuals with connections to Jamaica, including Anderson, for possible violations of federal crimes, including 18 U.S.C. § 1343. Doc. 69-3 at 2–3. The application also provided that the Government made an official request to the government of Jamaica for assistance in obtaining evidence related to the investigation on January 28, 2022. Id. at 3. The evidence sought included cell phone and bank records associated with the individuals being investigated, including Anderson. Id. at 13. Because the Order in fact relates to the wire fraud offenses Anderson was being investigated for and is now charged with, the statute of limitations was tolled under 18 U.S.C. § 3292.

If the statute of limitations is tolled under § 3292, the period of suspension "begin[s] on the date on which the *official request* is made and end[s] on the date on which the foreign court or authority takes *final action* on the request." 18 U.S.C. § 3292(b) (emphasis added). The "official

request" is a request by the Government seeking evidence from a foreign country.  See <u>United States v. Neill</u>, 952 F. Supp. 831, 833 (D.D.C. 1996) (finding request to United Kingdom for evidence related to money laundering was an "official request"); <u>United States v. Kozeny</u>, 493 F.Supp.2d 693, 709 (S.D.N.Y. 2007) (recognizing that "the statute provides for the tolling period to begin on the date of the request to the foreign government"). "'[F]inal action' for the purposes of § 3292(b) occurs when a foreign court or authority provides a dispositive response to each of the items listed in the government's official request for information." <u>United States v. Torres</u>, 318 F.3d 1058, 1065 (11th Cir. 2003).

Because the Government made an official request to the government of Jamaica on January 28, 2022, the suspension period began on January 28, 2022, pursuant to 18 U.S.C. § 3292(b).  The earliest charged conduct occurred on May 18, 2017, and as of January 28, 2022, four years, eight months, and 10 days elapsed, nearly four months shy of five years.  The statute of limitations was suspended until at least September 5, 2024, "the date of the most recent production to come under formal cover letter" from Jamaican authorities.  Doc. 69 at 5.  However, the Government suggests that Jamaican authorities may have additional productions and thus, no final action has been taken. <u>Id.</u> at 5 n.2.  In the event no final action has been made, the suspension period ended on January 28, 2025, three years after the suspension period began pursuant to the Order.  Regardless, Anderson was indicted within the suspension period on February 14, 2023.  Doc. 1.  Thus, at most, only four years, eight months, and 10 days of the five-year limitations period elapsed.  Accordingly, the statute of limitations under 18 U.S.C. § 3282 did not expire before Anderson was indicted.

### III.    Conclusion

For the foregoing reasons, it is

ORDERED that the Motion to Dismiss Indictment, Doc. 65, is denied.

DATED this 4ᵗʰ day of ~~July~~ August, 2025.

BY THE COURT:

ROBERTO A. LANGE
CHIEF JUDGE